

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT JACKSON**

| | | |
|---|---|---|
| **DENNIS JENKINS,** | ) | **Docket No.: 2021-07-1559** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 24389-2022** |
| **TYSON FOODS, INC.,** | ) | |
| **Self-Insured Employer.** | ) | **Judge Robert Durham** |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS

---

This Court held an Expedited Hearing on November 21, 2024. Mr. Jenkins sought an order requiring Tyson to pay benefits for injuries he allegedly sustained after a forklift struck him at work on April 7, 2022. The Court granted Tyson's Tennessee Rules of Civil Procedure Rule 41 motion for dismissal at the close of Mr. Jenkins's proof because he did not submit an expert medical opinion showing that his alleged injuries arose primarily out of and in the course of employment, so he is unlikely to prevail at a hearing on the merits.

### History of Claim

This is the second expedited hearing in this case. The Court held a hearing on January 5, 2023, and denied Mr. Jenkins's claim for benefits on credibility issues and the lack of a doctor's opinion supporting causation. The Court later dismissed Mr. Jenkins's claim without prejudice in April 2023 for failure to prosecute.

Mr. Jenkins filed another Petition for Benefit Determination in March 2024, making the same assertions. At the expedited hearing, Mr. Jenkins offered testimony about how the alleged accident occurred, his interactions with Tyson management, and the severity of his current symptoms in his arms and hands. However, he did not offer a doctor's opinion that being struck by a forklift primarily caused his symptoms.[1]

At the end of Mr. Jenkins's proof, Tyson moved for involuntary dismissal under Rule 41.02 of the Tennessee Rules of Civil Procedure. In *Carrillo v. Hurtado*, TN Wrk.

---

[1] Tyson offered a letter from the authorized physician denying causation as an exhibit at the hearing.

Comp. App. Bd. LEXIS 40, at *9, 10 (Aug. 16, 2023), the Appeals Board held that the Court could grant a Rule 41.02 motion to dismiss but noted it applied to the expedited hearing only and did not dismiss the claim entirely.

To prove causation, Mr. Jenkins must establish that his symptoms primarily arose out of his alleged work injury of April 7, 2022. Tenn. Code Ann. § 50-6-102(12)(A) (2024). Further, causation must be proven to a "reasonable degree of medical certainty," which requires an expert medical opinion. *Id.* at -102(12)(C).

Mr. Jenkins failed to submit an expert opinion establishing causation. Thus, the Court determined that he failed to establish he was likely to prove at a hearing on the merits that he suffered a work-related injury and granted Tyson's motion to dismiss.

IT IS, THEREFORE, ORDERED:

1. Mr. Jenkins's request for benefits is denied.

2. This case is set for a Scheduling Hearing on **December 5, 2024, at 1:00 p.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED on November 25, 2024.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

Exhibits:
1. Video
2. Form C-42 Panel of Physicians
3. Wage Statement
4. Collective Medical Records Submitted by Tyson
5. Team Member Statement
6. Transcript from first Expedited Hearing
7. Mr. Jenkins's deposition

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on November 25, 2024.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| Dennis Jenkins | X | | 1008 Cynthia Circle Jackson, Tennessee 38305 |
| Jared Renfroe | | X | jrenfroe@spicerfirm.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

3



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*